# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

THORNELL BROWN,

          Plaintiff,

    v.

NORMAN KARLOW,

          Defendant.

_____/

CASE NO. 1:07-cv-01348-AWI-GSA PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF
CONSPIRACY AND EQUAL PROTECTION
CLAIMS

(Docs. 1, 8, and 9)

### Findings and Recommendations Following Screening of Complaint

## I.   Procedural History

Plaintiff Thornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff filed this action on September 17, 2007. On September 4, 2008, the Court issued an order finding that Plaintiff's complaint states a cognizable claim under section 1983 against Defendant Karlow for retaliation, in violation of the First Amendment, but does not state cognizable conspiracy and equal protection claims. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable. On September 24, 2008, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claim found cognizable. Based on Plaintiff's notice, this Findings and Recommendations now issues.

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

4   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

5   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

6   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

8   exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

9   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

10  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

11  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

12  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading

13  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

14  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

15  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

16  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

17  **III.   <u>Plaintiff's Claims</u>**

18      The events at issue in this action occurred at Kern Valley State Prison, where Plaintiff is

19  presently housed. Plaintiff alleges violations of the First and Fourteenth Amendments of the United

20  States Constitution. Plaintiff is seeking a declaratory judgment and monetary damages against

21  Defendant Norman Karlow, a prison law librarian.

22      Plaintiff's claims arise from an incident on June 28, 2005, during which Plaintiff's legal

23  materials were confiscated and inventoried by Defendant Karlow, and some of the material was

24  withheld. Defendant Karlow issued a Rules Violation Report ("RVR") against Plaintiff for

25  possession of contraband, in violation of prison regulations. (Doc. 1, Comp., Ex. C.) Plaintiff was

26  found guilty of possession of another inmate's legal work and was issued a counseling chrono. (<u>Id</u>.)

27  Plaintiff alleges Defendant Karlow acted in retaliation against him for past litigation and inmate

28  ///

appeals activity, and that Defendant Karlow discriminated against him on the basis of his race. Plaintiff also alleges conspiracy to retaliate against him, under both section 1983 and section 1985.

**A.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations that Defendant Karlow confiscated his legal material and issued an RVR against him because of his past litigation and inmate appeals activities are sufficient to state a claim under section 1983 against Defendant for retaliation. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

**B.    Conspiracy**

**1.    Section 1983**

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the Court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119,

1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that Defendant Karlow conspired with other officers to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Although Plaintiff alleges that Exhibit A-1 and the decision to write him up for violation of rules he did not break evidence the conspiracy, there is no support for that conclusion. (Comp., ¶¶38, 39.) Exhibit A-1, the first level response to Plaintiff's appeal, does not contain any information that evidences the existence of a conspiracy to retaliate against Plaintiff for past litigation and inmate appeals activity. Likewise, the fact that Defendant Karlow issued an RVR against Plaintiff does not evidence a conspiracy. Plaintiff's unsupported assertion of a conspiracy to retaliate against him is insufficient to give rise to a conspiracy claim under section 1983.

## 2. Section 1985

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). Further, a claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). A mere allegation of conspiracy is insufficient to state a claim. Id. at 676-77.

Plaintiff's complaint does not set forth any facts supporting a section 1985 claim against Defendant Karlow. Accordingly, Plaintiff fails to state a claim.

4

## C.   Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although Plaintiff alleges that Defendant Karlow accused him of breaking a prison rule because he dislikes black inmates, Plaintiff has not alleged any facts that would support a claim that Defendant treated him differently than other similarly situated inmates based on Plaintiff's race. (Comp., ¶36.)  Therefore, Plaintiff fails to state a cognizable equal protection claim.

## IV.   Conclusion and Recommendation

The Court finds that Plaintiff's complaint states a claim against Defendant Karlow under section 1983 for retaliation, but fails to state claims for conspiracy and denial of equal protection. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claim, and has opted to proceed on his cognizable retaliation claim.   Accordingly, it is HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's complaint, filed September 17, 2007, against Defendant Karlow under section 1983 for retaliation in violation of the First Amendment; and

2.       Plaintiff's conspiracy and equal protection claims be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

5

**days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 25, 2008          /s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE