**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Thornell Brown, | No. 1:07-CV-01348-SRB (PC) |
| Plaintiff, | **ORDER** |
| vs. | |
| Norman Karlow, | |
| Defendant. | |

The Court now considers Defendant Norman Karlow's Motion to Dismiss ("Def.'s Mot.") (Doc. 18).

**I.     Background**

Plaintiff Thornell Brown is an inmate currently incarcerated at California Correctional Institution ("CCI"). (Def.'s Mot. at 3; Ex. A., Grannis Decl., Ex. A.) Defendant Norman Karlow is the law librarian at CCI. (Def.'s Mot. at 3.) On August 12, 2005, Defendant confiscated from Plaintiff copies of law books and legal documents. (Def.'s Mot., Ex. A., Grannis Decl., Ex. A.) Defendant was under the impression that Plaintiff was not authorized to have those materials in his possession, and after the confiscation, Defendant issued a Rules Violation Report ("RVR") to Plaintiff for Possession of Contraband. (*Id.*) Plaintiff claims that Defendant retaliated against him in two ways (1) by confiscating the legal materials and

1 (2) by issuing the RVR. (*Id.*) Plaintiff claims that the RVR was issued because of previous, pending grievances against the law library program. (*Id.*) Plaintiff did not mention this second retaliation claim in his initial grievances, only raising it at the third formal administrative level of review. (*Id.*) Defendant has moved to dismiss Plaintiff's claim that the issuing of the RVR was retaliatory, on the grounds that Plaintiff did not exhaust his administrative remedies with respect to this claim. (Def.'s Mot. at 3.)

**II. Legal Standards and Analysis**

Defendant Karlow has moved to dismiss Plaintiff's claim that the RVR was retaliatory. (Def.'s Mot. at 3.) Defendant argues that this claim should be dismissed "because [Plaintiff] failed to properly raise it in an administrative grievance." (*Id.*) As such, Defendant submits, the claim was not exhausted, as required. (Def.'s Mot. at 4.) Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1996); *see also Woodfood v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). Accordingly, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court[.]" *Woodford*, 548 U.S. at 88. Exhaustion is mandatory, under the revised PLRA, not left to the district court's discretion. *Id.* at 84.

The exhaustion requirement applies to all claims related to prison life that do not implicate the duration of the prisoner's sentence. *See, e.g.*, *Porter v. Nussle*, 534 U.S. 516, 524-32 (2002); *Roles v. Maddox*, 439 F.3d 1016, 1018 (9th Cir. 2006); *see also Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (characterizing the confiscation of prisoner's legal materials as a "condition[ ] of . . . prison life"). Failure to exhaust is an affirmative defense that defendants must raise and prove. *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007) (explaining that inmates are not required to plead specifically or demonstrate exhaustion in their complaints); *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005); *Wyatt v. Terhune*,

315 F.3d 1108, 1117-19 (9th Cir. 2003). A failure to exhaust defense is properly raised through an unenumerated Rule 12(b) motion; courts can, therefore, look to evidence outside the record and decide disputed issues of fact. *See Brown*, 422 F.3d at 939 n.13; *Wyatt*, 315 F.3d at 1119-20. If the court concludes that administrative remedies have not been exhausted, the proper remedy is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at 1120.

Under California law, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." CAL. CODE REGS. ("C.C.R."), tit. 15, § 3084.1(a). Sections 3084.1 through 3084.7 of Title 15 of the California Code of Regulations lay out the administrative procedure prisoners must follow. After attempting to resolve the problem informally, the inmate must submit an appeal within fifteen days of the event or decision being grieved, using the required form and "describ[ing] the problem or action requested." 15 C.C.R. §§ 3084.2(a), (a)(1), (b), 3084.6(c). The appeals process consists of an informal level and three formal levels of review, although the informal and the first formal level may be bypassed. *Id.* at § 3084.5. The remedy is exhausted after completion of the third level, the Director's Level of Review. *Id.* at § 3084.1(a).

In the absence of guidance from either the Ninth Circuit Court of Appeals or the Supreme Court on determination of whether a prison grievance is factually sufficient to satisfy the exhaustion requirement, district courts in California typically examine each case individually to determine whether the purpose of the exhaustion requirement is met. *Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1135 (S.D. Cal. 2001). Courts look to see whether a "plaintiff's grievances were sufficient under the circumstances to put the prison on notice of the potential claims and to fulfill the basic purposes of the exhaustion requirement." *Id.*; *see also Villegas v. Robinson*, No. CIVS022225FCDPANP, 2005 WL 1683934 (E.D. Cal. Jul. 12, 2005) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."). Courts have dismissed claims because inmates attempted to raise them for the first time later in the review process, thus failing to give the agency notice of all the circumstances of the claim at the outset of the grievance procedure. *See, e.g.*, *Nichols v.*

1  *Logan*, 355 F. Supp. 2d 1155, 1157-58 (S.D. Cal. 2004) (finding that a plaintiff who added
2  an additional claim in his complaint had not exhausted his administrative remedies because
3  the prison was not on notice of the new claim until the filing of the complaint).

4  In this case, Defendant argues that because Plaintiff did not mention his claim that the
5  issuing of the RVR was retaliatory until the third formal level of review, he has not exhausted
6  his administrative remedies with respect to that claim. (Def.'s Mot. at 5-6.) Plaintiff first filed
7  an administrative grievance (Log No. CCI-05-2027), complaining about Karlow's
8  confiscation of legal documents. (Def.'s Mot., Ex. A, Grannis Decl. ¶¶ 7-8, and Ex. A
9  thereto.) At the informal, first, and second levels, Plaintiff stated only that he had a "citizen
10 complaint" against Karlow for confiscating his legal materials. (*Id.* at Ex. A.) Plaintiff stated
11 that the confiscation violated his First Amendment rights and that he believed his materials
12 were confiscated in retaliation for his previous, pending grievances against the law library
13 program. (*Id.*) At the third level of review, Plaintiff stated that he was complaining of the
14 RVR that the librarian had issued for Possession of Contraband. (*Id.*) The prison therefore
15 did not address this claim in the Director's Level Review, because it had not been mentioned
16 earlier. (*Id.*)

17 By not including his claim that Defendant's issuance of an RVR was retaliatory earlier
18 in the process, Plaintiff failed to give the prison adequate notice of his grievance and did not
19 exhaust his administrative remedies. The regulations require that the inmate "describe the
20 problem," so that the agency (1) has the opportunity to address it internally and (2) is on
21 notice of the claims against it. 15 C.C.R. § 3084.2(a)(1). Plaintiff argues that because prison
22 officials authorized the RVR and reviewed his grievance at the earlier levels of the process
23 and reviewed the RVR itself, they had sufficient notice that he would claim that the RVR was
24 retaliatory. (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 9-10.) However,
25 because Plaintiff did not mention this claim in his initial complaint, the informal review or
26 the first two levels of the formal review, the prison cannot be found to have had notice of it.
27 (Def.'s Mot., Ex. A, Grannis Decl., Ex. A.) Accordingly, Plaintiff's claim that Defendant
28

retaliated against him by issuing an RVR is dismissed without prejudice. Plaintiff's other remaining claim may proceed.

**IT IS THEREFORE ORDERED** granting Defendant Norman Karlow's Motion to Dismiss (Doc. 18) and dismissing Plaintiff's claim that the filing of the RVR was retaliatory, without prejudice.

DATED this 16th day of March, 2009.

_Susan R. Bolton_
Susan R. Bolton
United States District Judge